Appeal from an order of the Supreme Court at Special Term, entered May 4, 1950, in New York County, which granted an application by petitioner for an inquiry into the alleged ineompeteney of Harriet Schermerhorn.

Per Curiam.

The issuance of a commission to inquire into the mental condition of an alleged incompetent is warranted only where it presumptively appears, to the satisfaction of the court, that the person proceeded against is incompetent, and that in the exercise of sound discretion a committee ought to be appointed. The proofs contained in the record before us do not give rise to the satisfactory presumption essential to the issuance of a commission, nor does it appear that the appointment of a committee is necessary. On the contrary it affirmatively appears from the affidavits of qualified persons having first hand knowledge of the facts that the elderly lady, whose mental capacity is questioned, is a person of sound mind, mentally alert and suffering only from the infirmities of advanced age and the effects of a mild stroke, from which she is rapidly recovering. The inference of domination which petitioner draws from the fact that Miss Power exercises a measure of control over the alleged incompetent’s finances and household is unjustified. Miss Power has been in the employ of Mrs. Schermerhorn since 1901. For the past twenty-seven years she has resided with her employer and acted as a companion and business secretary. The control given her over Mrs. Sehermerhorn’s affairs merely reflects the high regard in which she is held after a half century of apparently faithful and devoted services. There is not the slightest indication in the record that the confidence and trust reposed in her has in any way been abused. Even if there were, it would not justify an inquiry into the mental condition of a person who appears to he in full possession of her mental faculties and able to look after her own affairs. Accordingly the order *846 appealed from should be reversed, with one bill of costs to appellants against respondent Basile, and the petition dismissed, with costs.
Peck, P. J., Grlennon, Callahan and Van Yoorhis, JJ., concur.
Order unanimously reversed, with one bill of costs to the appellants against the respondent Carmel T. Basile, and the petition dismissed, with costs. It is further unanimously ordered that the record herein be sealed.